UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DAVID D. HARRIS, | No.  2:17-cv-2040 DB P |
| Plaintiff, | |
| v. | ORDER |
| N. MALAKKLA, et al., | |
| Defendants. | |

Plaintiff is state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges he is not being provided proper pain medication in violation of the Eighth Amendment.  Presently before the court is plaintiff's motion for clarification (ECF No. 39) and a document titled "deposition by mail" (ECF No. 40-1).

**I.    Motion for Clarification**

Shortly after defendants filed a waiver of service, plaintiff filed a document titled "Civil Complaint" that the court construed as a second amended complaint.  (ECF No. 33.)  The document contained a copy of the first amended complaint, the operative complaint in this action, as well as an additional eight handwritten pages setting forth the same information contained in the operative complaint, and eight pages of exhibits related to plaintiff's claim.  The court ordered plaintiff's second amended complaint stricken because it did not appear that plaintiff was attempting to change his complaint in any material way.  (ECF No. 34.)  Plaintiff was advised

1    that he could file a motion to amend if he wished to file an amended complaint.

2       Plaintiff has now filed a document clarifying the previously filed "civil complaint" stricken

3    by the court. Plaintiff states that the document was not meant to be an amended complaint, but

4    was further argument in support of plaintiff's claims. He further states that the exhibits contained

5    in the complaint are vital to his arguments and requests that the court further review the exhibits.

6       The striking of the document labeled as the second amended complaint (ECF No. 33), was

7    done to clarify that the amended complaint filed November 21, 2017 (ECF No. 14) is the

8    operative complaint in this action. Plaintiff is informed that the court has reviewed the document

9    and it remains on the docket. At this point in the litigation, the parties are presently conducting

10   discovery and plaintiff has not been directed to submit arguments. If defendants file a dispositive

11   motion, then plaintiff may file an opposition setting forth arguments regarding the merits of his

12   claim. However, at this time further arguments are not required and should not be filed by

13   plaintiff.

14       The court will deny as moot plaintiff's motion for clarification because plaintiff was not

15   requesting clarification, but instead was making clear to the court that the document previously

16   stricken was not an amended complaint.

17    **II.     Deposition by Mail**

18       Plaintiff additionally filed a document consenting to expedite trial procedures. (ECF No. 40.)

19   Plaintiff filed as an attachment to the consent a document titled "deposition by mail." (ECF No.

20   40-1.) The attachment contained a list of questions for each defendant. If plaintiff intends to

21   move to depose the defendants by written questions he must comply with Federal Rule of Civil

22   Procedure 31.

23

24

25                  The deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.]

26

27

28

Harrell v. Jail, No. 2:14-cv-1690 TLN CKD P, 2015 WL 8539037, *1-2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, No. 1:06-cv-0136 ALA (P), 2008 WL 1925242, at *1-2 (E.D. Cal. Apr. 30, 2008)).

Plaintiff's in forma pauperis status also does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript.  Id. (citations omitted); see also Brooks v. Tate, No 1:11-cv-01503-AWI-DLB PC, 2013 WL 4049053, *1 (E.D. Cal. Aug. 7, 2013) (indigent prisoner not entitled to take the depositions of defendant and non-party witnesses during his own deposition).

If the questions were instead an attempt to gather evidence, plaintiff is informed that he is not required to file discovery requests on the docket and that neither discovery requests served on an opposing party nor that party's responses should be filed unless a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

**III.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for clarification (ECF No. 39) is denied as moot; and

2. Plaintiff's December 28, 2018 deposition by mail (ECF No. 40-1) will be placed in the court file and disregarded.  Plaintiff is cautioned that further filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that this action be dismissed.

Dated:  January 8, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/prisoner-civil rights/harr2040.depo