UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>   Plaintiff,<br><br>   v.<br><br>N. MALAKKLA, et al.,<br><br>   Defendants. | No. 2:17-cv-2040 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges he is not being provided proper pain medication in violation of the Eighth Amendment. Presently before the court is plaintiff's motion for a preliminary injunction. (ECF No. 42.)

**I.  Motion for Preliminary Injunction**

Plaintiff requests that the court issue an injunction directing prison officials to give plaintiff three 20 milligram doses of methadone per day to treat his chronic pain. (ECF No. 42.) The court previously denied plaintiff's request for an injunction directing prison officials provide him with methadone or morphine. (ECF Nos. 30, 32.) Plaintiff has filed attachments along with the motion detailing his health complaints and the treatment prescribed by medical professionals. (ECF No. 42 at 6-9.)

////

1

## II. Legal Standards

A party requesting preliminary injunctive relief must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-26 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is

elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . ."").[1]

**III. Analysis**

Plaintiff has not demonstrated that in the absence of preliminary relief he will imminently suffer irreparable harm. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine, 844 F.2d at 674 (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Rather, a presently existing actual threat must be shown, although the injury need not be certain to occur. See Hazeltine, 395 U.S. at 130-31; F.D.I.C. v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine, 844 F.2d at 674. Based on attachments filed with the motion it once again appears that prison officials are treating plaintiff's pain, but that plaintiff disagrees with the manner of treatment. Accordingly, plaintiff has not shown that he will suffer irreparable harm without an injunction.

Further, at the pleading stage, the court cannot determine questions of the claim's merit which require submission of evidence, versus a determination as to whether a claim has been plausibly stated. Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008). The court is presently unable to determine the likelihood of plaintiff's success on the merits of his claim. Therefore, the court will recommend that plaintiff's motion for preliminary injunction be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 42) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[1] However, the fact that injunctive relief is not sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 12, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/prisoner-civil rights/harr2040.pi(2)