UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>N. MALAKKLA, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-2040 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

　　Plaintiff is a state prisoner who was proceeding pro se with a civil rights action under 42 U.S.C. § 1983. This action was closed on April 15, 2019 after the parties filed a stipulation for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). (ECF Nos. 49, 50.) Plaintiff claimed he was not being provided with proper pain medication in violation of the Eighth Amendment. Presently before the court is plaintiff's motion for trial (ECF No. 52), defendants' opposition (ECF No. 53), and plaintiff's reply (ECF No. 55). For the reasons set forth below, the court will recommend that plaintiff's motion be dismissed for lack of jurisdiction.

**I.　　Plaintiff's Request for Trial and Notice that Settlement was Under Duress**

　　Plaintiff has filed a motion requesting to have this matter heard at trial by a jury and a notice that the settlement was under duress. (ECF No. 52.) Upon review of the motion it appears

////

plaintiff seeks to set aside the settlement agreement. Accordingly, the court construes plaintiff's motion as a request to rescind the settlement agreement.

Plaintiff alleges that he was in a psychiatric program and heavily medicated when he entered into the settlement agreement. He states he "no longer wants to settle[] this matter, at least not for the sum agreed upon." (ECF No. 52 at 1.) In support of his request he alleges he was so heavily medicated he could not sign his name properly. (See ECF No. 52 at 4, 5.) He also states he was under the impression that this action was closed and forgot that there was a motion pending[1] before the district judge.

## II.     Defendants' Opposition

Defendants have filed an opposition to plaintiff's motion. (ECF No. 53.) In their opposition defendants argue that the court lacks jurisdiction to resolve plaintiff's motion, and alternatively, that the court should deny plaintiff's motion because the settlement agreement is valid and enforceable under California law.

In a declaration attached to the opposition, counsel for defendants set forth the following: Plaintiff's deposition was taken on March 19, 2019. (ECF No. 53-1 at 1.) Shortly thereafter, plaintiff made a verbal demand to settle the case "for $1,500 and a television, hotpot, radio, headphones, clippers, and other miscellaneous toiletry and food items." (Id. at 2.) After conferring with his clients, counsel for defendants called plaintiff and made a counter offer to settle the case for $1,300. Plaintiff accepted the counteroffer. Counsel stated that there was no indication that plaintiff was under duress or lacked capacity during the phone call. Counsel prepared the necessary paperwork and enclosed it with a letter to plaintiff explaining how to complete the paperwork. Plaintiff completed the paperwork, which included signing and dating settlement documents and providing his social security number that same day.

On May 16, 2019, counsel wrote to plaintiff and provided him with copies of the executed settlement agreement, the stipulation for dismissal, and his completed payee data record. On May

---

[1] The motion referred to (ECF No. 51), was an order issued by the district judge adopting the undersigned's recommendation that plaintiff's motion for injunctive relief be denied. (See ECF No. 43.)

2

20, counsel received a letter from plaintiff acknowledging he settled the case for $1,300 and informing counsel he had been transferred to a new prison facility.

Defendants argue that the court lacks jurisdiction because the terms of the settlement agreement were not made part of the dismissal order. (ECF No. 53 at 2-3.) Defendants further claim that even if the court did have jurisdiction it should not set aside the settlement agreement because plaintiff has not provided evidence to support a claim of duress and has not provided competent evidence to support his claim that he lacked capacity. (Id. at 4.)

### III. Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations and quotation marks omitted).

Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute arising under the settlement agreement is a separate contract dispute that requires its own independent basis for jurisdiction. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016). However, courts do have the authority to enforce a settlement agreement while the litigation is still pending or when the settlement agreement is referenced in the dismissal order or the court has retained jurisdiction to enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); Kelly, 822 F.3d at 1095. But such ancillary jurisdiction exists only if the settlement agreement was "made part of the dismissal," by retaining jurisdiction over the agreement, "or by incorporating the terms of the settlement agreement in the order." Kokkonen, 511 U.S. at 281. The Ninth Circuit has held that the Kokkonen analysis applies "with equal force" to "effort[s] to undo rather than to enforce a settlement agreement." See Camacho v. City of San Luis, 359 Fed. App'x 794, 798, (9th Cir. 2009) (district court did not abuse its discretion when it declined to exercise jurisdiction over a request to undo a settlement agreement over which the court had not previously retained jurisdiction).

////

3

Here, the parties entered into a stipulation of dismissal with prejudice, and this action was terminated on April 15, 2019. (ECF No. 50.) The parties indicated that they "have resolved the case in its entirety," and stipulated to dismissal of this action with prejudice. (ECF No. 49.) The parties did not attach the settlement agreement, incorporate the terms of the settlement, or even reference the settlement agreement. Thus, the court did not retain jurisdiction.

"The construction and enforcement of settlement agreements are governed by principles of [state] law which apply to contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1990). Even though the underlying cause of action in this case was based upon a federal statute, any challenge to the settlement agreement is "treated as any other contract for purposes of interpretation." United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). Without some other basis for federal jurisdiction, the court cannot exercise jurisdiction over a state law claim. See Zone Sports Center Inc. LLC v. Red Head, Inc., No. 11-cv-0634 JST, 2013 WL 2252016 at *6 (N.D. Cal. May 22, 2013) ("Unless a federal court expressly retains jurisdiction over the enforceability or validity of a settlement agreement, a federal court cannot entertain an action to enforce or undo a settlement agreement if that action lacks an independent basis for federal jurisdiction."). The parties have not alleged, and the court cannot determine any other basis for federal jurisdiction over the validity of the settlement agreement. Accordingly, the court does not have jurisdiction and plaintiff's motion should be dismissed.

**IV.     Conclusion**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion (ECF No. 52) be denied for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

4

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 9, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/prisoner-civil rights/harr2040.duress